**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| MACROSOLVE, INC., | § | **CIVIL ACTION NO. 6:11-CV-287-LED** |
| Plaintiff, | § | |
| v. | § | |
| (1) ANTENNA SOFTWARE, INC.; | § | |
| (2) CENGEA SOLUTIONS, INC.; | § | |
| (3) DATA SYSTEMS INTERNATIONAL, INC., | § | **JURY TRIAL DEMANDED** |
| (4) ENVIRONMENTAL SYSTEMS RESEARCH INSTITUTE, INC.; | § | |
| (5) INVENSYS SYSTEMS, INC. (d/b/a INVENSYS OPERATIONS MANAGEMENT); | § | |
| (6) TRUCONTEXT MOBILE SOLUTIONS CORPORATION; | § | |
| (7) SPRING WIRELESS USA, INC.; | § | |
| (8) ZERION SOFTWARE, INC.; | § | |
| (9) BIZSPEED, INC.; | § | |
| (10) SYCLO, L.L.C.; | § | |
| (11) XORA, INC.; | § | |
| (12) SPIRA DATA CORP.; | § | |
| (13) SURVEY ANALYTICALS LLC; | § | |
| (14) THE DATAMAX SOFTWARE GROUP, INC.; | § | |
| (15) VENTYX INC.; | § | |
| (16) AIR2WEB INC.; | § | |
| (17) GENERAL DATA COMPANY, INC.; | § | |
| (18) REALTIME RESOLUTS, LLC; | § | |
| (19) MILLENIUM INFORMATION TECHNOLOGY, INC. (d/b/a MIT SYSTEMS, INC.); and | § | |
| (20) AGILIS SYSTEMS, LLC, | § | |
| Defendants. | § | |

**DEFENDANT XORA, INC.'S ANSWER TO ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT AND COUNTERCLAIMS**

Defendant Xora, Inc. ("Xora") responds to MacroSolve, Inc.'s ("MacroSolve") June 6, 2011 Original Complaint for Patent Infringement ("Complaint") (Dkt. 1) as follows:

## PARTIES

1. Xora admits the allegations of paragraph 1 of the Complaint.

2. Xora lacks sufficient information on which to admit or deny the allegations of paragraph 2 of the Complaint, and on that basis, denies these allegations.

3. Xora lacks sufficient information on which to admit or deny the allegations of paragraph 3 of the Complaint, and on that basis, denies these allegations.

4. Xora lacks sufficient information on which to admit or deny the allegations of paragraph 4 of the Complaint, and on that basis, denies these allegations.

5. Xora lacks sufficient information on which to admit or deny the allegations of paragraph 5 of the Complaint, and on that basis, denies these allegations.

6. Xora lacks sufficient information on which to admit or deny the allegations of paragraph 6 of the Complaint, and on that basis, denies these allegations.

7. Xora lacks sufficient information on which to admit or deny the allegations of paragraph 7 of the Complaint, and on that basis, denies these allegations.

8. Xora lacks sufficient information on which to admit or deny the allegations of paragraph 8 of the Complaint, and on that basis, denies these allegations.

9. Xora lacks sufficient information on which to admit or deny the allegations of paragraph 9 of the Complaint, and on that basis, denies these allegations.

10. Xora lacks sufficient information on which to admit or deny the allegations of paragraph 10 of the Complaint, and on that basis, denies these allegations.

11. Xora lacks sufficient information on which to admit or deny the allegations of paragraph 11 of the Complaint, and on that basis, denies these allegations.

12. Xora lacks sufficient information on which to admit or deny the allegations of paragraph 12 of the Complaint, and on that basis, denies these allegations.

13. Xora admits that it is a corporation organized under the laws of the state of Delaware, with a principal place of business at 1890 N. Shoreline Blvd., Mountain View, CA 94043. Xora denies each and every remaining allegation contained in paragraph 13 of the Complaint.

14. Xora lacks sufficient information on which to admit or deny the allegations of paragraph 14 of the Complaint, and on that basis, denies these allegations.

15. Xora lacks sufficient information on which to admit or deny the allegations of paragraph 15 of the Complaint, and on that basis, denies these allegations.

16. Xora lacks sufficient information on which to admit or deny the allegations of paragraph 16 of the Complaint, and on that basis, denies these allegations.

17. Xora lacks sufficient information on which to admit or deny the allegations of paragraph 17 of the Complaint, and on that basis, denies these allegations.

18. Xora lacks sufficient information on which to admit or deny the allegations of paragraph 18 of the Complaint, and on that basis, denies these allegations.

19. Xora lacks sufficient information on which to admit or deny the allegations of paragraph 19 of the Complaint, and on that basis, denies these allegations.

20. Xora lacks sufficient information on which to admit or deny the allegations of paragraph 20 of the Complaint, and on that basis, denies these allegations.

21. Xora lacks sufficient information on which to admit or deny the allegations of paragraph 21 of the Complaint, and on that basis, denies these allegations.

## JURISDICTION AND VENUE

22. Xora admits that MacroSolve purports to assert an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284-285, among others. Xora admits that this Court has subject matter jurisdiction of the action under 28 U.S.C. §1331 and §1338(a).

23. Xora lacks sufficient information on which to admit or deny the allegations of paragraph 23 of the Complaint, and on that basis, denies each and every one of these allegations.

24. Xora denies the allegations in Paragraph 24 as to defendant Xora. Xora lacks sufficient information on which to admit or deny the remaining allegations of paragraph 24 of the Complaint, and on that basis, denies these allegations.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 7,822,816

25. Xora admits that United States Patent No. 7,822,816 ("the 816 patent") issued on October 26, 2010, and that it is entitled "System and Method for Data Management." Xora further admits that a copy of the '816 Patent is attached to the Complaint as Exhibit A. Xora denies each and every remaining allegation contained in paragraph 25 of the Complaint.

26. Xora lacks sufficient information on which to admit or deny the allegations of paragraph 26 of the Complaint, and on that basis, denies these allegations.

27. Xora lacks sufficient information on which to admit or deny the allegations of paragraph 27 of the Complaint, and on that basis, denies these allegations.

28. Xora lacks sufficient information on which to admit or deny the allegations of paragraph 28 of the Complaint, and on that basis, denies these allegations.

29. Xora lacks sufficient information on which to admit or deny the allegations of paragraph 29 of the Complaint, and on that basis, denies these allegations.

30. Xora lacks sufficient information on which to admit or deny the allegations of paragraph 30 of the Complaint, and on that basis, denies these allegations.

31. Xora lacks sufficient information on which to admit or deny the allegations of paragraph 31 of the Complaint, and on that basis, denies these allegations.

32. Xora lacks sufficient information on which to admit or deny the allegations of paragraph 32 of the Complaint, and on that basis, denies these allegations.

33. Xora lacks sufficient information on which to admit or deny the allegations of paragraph 33 of the Complaint, and on that basis, denies these allegations.

34. Xora lacks sufficient information on which to admit or deny the allegations of paragraph 34 of the Complaint, and on that basis, denies these allegations.

35. Xora lacks sufficient information on which to admit or deny the allegations of paragraph 35 of the Complaint, and on that basis, denies these allegations.

36. Xora lacks sufficient information on which to admit or deny the allegations of paragraph 36 of the Complaint, and on that basis, denies these allegations.

37. Xora lacks sufficient information on which to admit or deny the allegations of paragraph 37 of the Complaint, and on that basis, denies these allegations.

38. Xora denies the allegations of paragraph 38 of the Complaint.

39. Xora lacks sufficient information on which to admit or deny the allegations of paragraph 39 of the Complaint, and on that basis, denies these allegations.

40. Xora lacks sufficient information on which to admit or deny the allegations of paragraph 40 of the Complaint, and on that basis, denies these allegations.

41. Xora lacks sufficient information on which to admit or deny the allegations of paragraph 41 of the Complaint, and on that basis, denies these allegations.

42. Xora lacks sufficient information on which to admit or deny the allegations of paragraph 42 of the Complaint, and on that basis, denies these allegations.

43. Xora lacks sufficient information on which to admit or deny the allegations of paragraph 43 of the Complaint, and on that basis, denies these allegations.

44. Xora lacks sufficient information on which to admit or deny the allegations of paragraph 44 of the Complaint, and on that basis, denies these allegations.

45. Xora lacks sufficient information on which to admit or deny the allegations of paragraph 45 of the Complaint, and on that basis, denies these allegations.

46. Xora lacks sufficient information on which to admit or deny the allegations of paragraph 46 of the Complaint, and on that basis, denies these allegations.

47. Xora denies the allegations of paragraph 47 of the Complaint.

Additionally, all allegations of MacroSolve's Complaint not expressly admitted herein are denied.

## AFFIRMATIVE DEFENSES

Xora asserts the following affirmative defenses. Xora reserves the right to add defenses that may be supported by the facts upon completion of discovery.

### FIRST AFFIRMATIVE DEFENSE
**Failure to State a Claim**

48. The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### Invalidity

49. The '816 Patent is invalid for failing to comply with one or more provisions of Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 101-103, 112, and 116.

## THIRD AFFIRMATIVE DEFENSE
### Non-Infringement

50. Xora has not infringed and does not infringe, either directly or indirectly, any of the claims of the '816 Patent, either literally or under the doctrine of equivalents.

## FOURTH AFFIRMATIVE DEFENSE
### Limitation on Damages

51. In the event MacroSolve successfully proves infringement, MacroSolve's right to seek damages or other relief is limited by the Patent Act, including without limitation, 35 U.S.C. §§ 286 – 288.

## FIFTH AFFIRMATIVE DEFENSE
### Prosecution History Estoppel

52. MacroSolve is estopped from asserting infringement under the doctrine of equivalents because of certain admissions, statements, and/or narrowing claim amendments that were made during prosecution of the applications that resulted in the '816 Patent.

## SIXTH AFFIRMATIVE DEFENSE
### Equitable Defenses

53. MacroSolve is barred in whole or in part under principles of equity, including without limitation, laches, acquiescence, waiver, estoppel, misconduct, unfair competition, and/or unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE
### No Exceptional Case

54. MacroSolve cannot prove that this is an exceptional case justifying award of attorney fees against Defendants pursuant to 35 U.S.C. § 285.

### EIGHTH AFFIRMATIVE DEFENSE
### Failure to Mark

55. MacroSolve's damages, if any, are limited by Section 287 because MacroSolve or its licensees have failed to properly mark as required by this statute.

### NINTH AFFIRMATIVE DEFENSE
### Lack of Standing

56. MacroSolve does not possess sufficient rights to the '816 Patent to satisfy the requirements of standing.

### TENTH AFFIRMATIVE DEFENSE
### No Irreparable Injury

57. MacroSolve is not entitled to injunctive relief because any alleged injury to MacroSolve is not immediate or irreparable, MacroSolve has an adequate remedy at law, the balance of hardships favors no injunction, and the public interest is best served by no injunction.

### ELEVENTH AFFIRMATIVE DEFENSE
### License

58. To the extent that Xora or any of its customers or suppliers is a licensee of the '816 Patent, express, implied, or by operation of law, MacroSolve fails to state a claim upon which relief can be granted.

### TWELFTH AFFIRMATIVE DEFENSE
### Exhaustion

59. To the extent that MacroSolve's rights have been extinguished under the doctrine of exhaustion, MacroSolve fails to state a claim upon which relief can be granted.

### THIRTEENTH AFFIRMATIVE DEFENSE
### Exclusion of Government Related Sales

60. To the extent that certain products accused of infringing the '816 Patent are used by and/or manufactured for the United States Government, MacroSolve's claims against Defendants with respect to such products may not be pursued in this Court and are subject to other limitations pursuant to 28 U.S.C. § 1498.

### FOURTEENTH AFFIRMATIVE DEFENSE
### Claim Preclusion and Issue Preclusion

61. Some or all of MacroSolve's claims for relief are barred, or otherwise limited, by the doctrines of claim preclusion and issue preclusion.

### FIFTEENTH AFFIRMATIVE DEFENSE
### Patent Misuse

62. On information and belief, some or all of MacroSolve's claims are barred by the doctrine of patent misuse.

### XORA'S COUNTERCLAIMS

In addition to its Affirmative Defenses, Xora further asserts the following counterclaims against MacroSolve:

### JURISDICTION AND VENUE

63. This Court has subject matter jurisdiction over the present matter pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this matter is an action for infringement arising under the United States Patent Act (35 U.S.C. § 1 *et seq.*).

64. This Court has personal jurisdiction over MacroSolve by, *inter alia*, MacroSolve's filing of its Complaint for Patent Infringement against Defendants.

65. Venue is appropriate in this District pursuant to 28 U.S.C. §§ 1391 and 1400.

## PARTIES

66.     Xora is a corporation organized under the laws of the state of Delaware, with its principal place of business at 1890 N. Shoreline Blvd., Mountain View, CA 94043.

67.     MacroSolve is a corporation organized under the laws of the state of Oklahoma, with its principal place of business at 1717 S. Boulder Ave., Suite 700, Tulsa, OK 74119.

## COUNT ONE
## Non-Infringement and Invalidity of the '816 Patent

68.     Xora repeats and re-alleges each of the allegations set forth in paragraphs 63 - 67 of its Counterclaims as though fully set forth herein.

69.     Xora has not directly or indirectly infringed, and is not directly or indirectly infringing, the '816 Patent.

70.     One or more of the claims of the '816 Patent are invalid for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation, §§ 101, 102, 103, and/or 112.

71.     Xora is entitled to a declaratory judgment that it has not infringed, and is not infringing, the '816 Patent, and that the '816 Patent is invalid.

## PRAYER FOR RELIEF

WHEREFORE, Xora requests the Court to enter a judgment in its favor and against MacroSolve as follows:

## ON MACROSOLVE'S COMPLAINT

A.     Denial of each and every relief requested by MacroSolve in paragraphs A-F of MacroSolve's prayer for relief;

B.     Denial of MacroSolve's request for further or alternative relief;

    C.    Dismissal of MacroSolve's claims with prejudice, with MacroSolve to take nothing therefrom;

    D.    An award to Xora of its reasonable attorneys' fees under 35 U.S.C. § 285; and

    E.    An award of costs and such other relief as the Court finds just and proper.

## ON XORA, INC.'S COUNTERCLAIMS

    A.    An order dismissing the Complaint in its entirety, with prejudice, entering judgment in favor of Xora and declaring that MacroSolve take nothing by way of its Complaint;

    B.    An order declaring that Xora has not infringed, and is not infringing, the '816 Patent;

    C.    An order declaring that the '816 Patent is invalid;

    D.    An order awarding Xora its costs (including expert fees), disbursements, and reasonable attorneys' fees incurred in this action, pursuant to 35 U.S.C. § 285; and

    E.    An order granting such further relief as is just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Xora demands a trial by jury for all issues so triable.

Respectfully submitted,

Dated:  August 30, 2011

By: /s/ Adam G. Price
Adam G. Price
Texas State Bar No. 24027750
Andrew G. DiNovo
Texas State Bar No. 00790594
DiNovo Price Ellwanger & Hardy LLP
7000 N. MoPac Expressway, Suite 350
Austin, Texas  78731
Telephone:  (512) 539-2626
Telecopier:  (512) 539-2627
adinovo@dpelaw.com
aprice@dpelaw.com

*Counsel for Defendant Xora, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) this the 30th day of August, 2011. Any other counsel of record will be served by facsimile transmission and/or first class mail.

/s/ Adam G. Price
Adam G. Price