**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| MACROSOLVE, INC., | |
| Plaintiff, | |
| | CIVIL ACTION NO. 6:11-cv-287 |
| v. | |
| ANTENNA SOFTWARE, INC., et al., | **JURY TRIAL DEMANDED** |
| Defendants. | |

**OPPOSTION TO TRUECONTEXT'S MOTION TO DISMISS**

TrueContext Mobile Solutions Corporation ("TrueContext") is a Canadian corporation that is doing business in Texas, but that has not registered an agent for service in Texas.  Accordingly, MacroSolve served the summons and complaint on True Context by serving the Texas Secretary of State.  *See, e.g.,* Fed. R. Civ. P. 4(h)(1)(B) (allowing a summons to be served on any agent authorized by law to receive service of process); Tex. Civ. Prac. & Rem. § 17.044(a)(1) (appointing the Texas Secretary of State as an agent for service for a corporation that does business in Texas but has not registered an agent for service); Tex. Bus. Corp. Act 8.10(B) (same).

TrueContext does not dispute that it is doing business in this state, or that it failed to register an agent for the service of process—facts that were expressly alleged in MacroSolve's complaint.  Dkt. No. 1 ¶ 8.  Nor does TrueContext dispute that it actually received the summons and complaint in this action.  Given these undisputed facts, domestic service on the Secretary of State as agent for TrueContext was proper.

## I.      SERVICE WAS NOT DEFICIENT SIMPLY BECAUSE MACROSOLVE'S COMPLAINT DID NOT USE THE SPECIFIC WORDS "HOME" OR "HOME OFFICE"

When MacroSolve served the Secretary of State as agent for TrueContext, MacroSolve provided it with the address of TrueContext's home office in Canada so that, after being served, the Secretary of State could forward a copy of the complaint and summons to TrueContext.  In the complaint, MacroSolve alleged that the forwarding address was the address of TrueContext's "principal place of business."  Dkt. No. 1 at ¶ 8 [Complaint].  TrueContext now argues that this case must be dismissed because MacroSolve did not specifically use the words "home" or "home office" in providing the forwarding address for TrueContext to the Secretary of State, which TrueContext says is

1

required by the Texas Long Arm Statute. TrueContext Brief at 4.

TrueContext's argument rests on several premises, each of which is faulty.  First, TrueContext incorrectly assumes that MacroSolve was required to follow the particular requirements for service of Texas law.  The Federal Rules authorize MacroSolve to serve the secretary of state, but do not require the exact procedures for such service to be followed.  Second, except in the unique circumstance of a default judgment, there is no requirement under the Texas Long Arm Statute that the complaint allege that the forwarding address is the home or home office address of he defendant.  And even in that unique circumstance, there is no requirement that the exact words "home" or "home office" be used.  Third, MacroSolve's complaint was also properly served under the Texas Business and Corporations Act, which separately authorizes service on the Texas secretary of state in the circumstances of this case.  So even if TrueContext were correct about what the Texas Long Arm Statute requires, service was still proper.

### A.    The Federal Rules Do Not Require Service On The Secretary Of State Using The Methods Required By State Law

TrueContext assumes that service on the Secretary of State is authorized only under Fed. R. Civ. P. 4(h)(1)(A) (allowing a corporation to be served using any method allowed for an individual) and 4(e)(1) (allowing an individual to be served "by following state law for serving a summons").  Because those particular rules require state law to be "followed" in serving the Secretary of State, TrueContext argues that service was improper because, according to TrueContext, a technicality of state law about how service must be made was not "followed" in this case.  But the Federal Rules of Civil Procedure separately authorize service on a corporation's agent with no requirement that state law be followed for the method of service.  Under Fed. R. Civ. P. 4(h)(1)(B), or under Fed. R. Civ. P. 4(h)(1)(A)

2

and 4(e)(2)(C), service can be made on an agent authorized by law to receive service of process.  And unlike Fed. R. Civ. P. 4(e)(1), these provisions of the Federal Rules do not require the state law methods of service to be "followed."  Accordingly, even if Texas law governing service required expressly labeling a forwarding address "home" or "home office," it would not follow that such labeling is required under the Federal Rules.

**B.     The Texas Long Arm Statute Does Not Require The Specific Words "Home" Or "Home Office" Be Used**

The "home"-or-"home office" technicality on which TrueContext relies applies only in the context of default judgment, and even then only when the pre-judgment record consists solely of the allegations of the complaint.  It does not apply to a motion to dismiss.

Under Texas law, when a default judgment is reviewed on appeal, special rules apply.  First, the regular presumption of valid service is dropped.  *See Wachovia Bank of Delaware NA v. Gilliam*, 215 S.W.3d 848, 850 (Tex. Supreme Court 2007).  Second, the default judgment will be reversed unless the pre-judgment record strictly establishes that service was proper.  *Id*.  In the case of service under the Texas Long Arm Statute, this includes establishing that the correct forwarding address required by the statute, the "home" or "home office" address was provided to the secretary of state.  *Id*. at 851.

In most such cases, the pre-judgment record will consist only of the allegations of the complaint (which are taken to be true given the default).  Because these allegations are all that is in the record, in this context they must specifically allege that the forwarding address provided to the secretary of state is the home or home address of the defendant.  But outside of such contexts, courts do not impose such requirements.  *See, e.g., Higginbotham v. Gen. Life & Acc. Ins.,* 796 S.W.2d 695, 697 (Tex. 1990) ("Our holding in this case should not be mistaken as a retreat from our line of cases holding that the record

3

of service supporting a default judgment must show strict compliance with the rules

governing service of process. . . . Most of these opinions . . . are writ of error attacks on

default judgments.  In such cases there is no record of service other than the citation return,

and its recitations, taken as true, must show strict compliance with service requirements.").

The rule set forth in the default judgment cases on which TrueContext relies does

not apply here.

First, unlike a default judgment case, this is not a case where the record has been

closed.  MacroSolve is allowed to introduce evidence showing that it met all of the

requirements of the Texas Long Arm Statute, including that the forwarding address it

provided to the secretary of state is in fact the address of TrueContext's home office.

Here, TrueContext does not even dispute that the forwarding address that MacroSolve

provided to the secretary of state was the address of its home office.

Second, MacroSolve's complaint expressly alleged that the forwarding address

provided to the Secretary of State was TrueContext's "principal place of business," which

is the same thing as a "home office" address.  So even if MacroSolve were limited to the

allegations of its complaint, MacroSolve would have met its burden.  TrueContext has

pointed to no authority to suggest that any required allegation has to be made using the

exact words "home" or "home office."  And a decision of the Texas court of appeals, cited

approvingly by the Texas Supreme Court, holds that there is no such requirement.  *See*

*Mahon v. Caldwell, Haddad, Skaggs, Inc.*, 783 S.W.2d 769, 771 (Tex. App.-Ft. Worth

1990) (holding that the record need not contain the "magic" words "home" or "home

office" so long as it establishes that the home or home office address was forwarded to the

secretary of state), *cited approvingly by Wachovia Bank of Delaware NA v. Gilliam*, 215

S.W.3d 848, 849-50, n. 2 (Tex. 2007).

### C.    Service Was Proper Under The Texas Business Corporations Act

Service was proper in this case not only under the Texas Long Arm Statute, but

also the Texas Business Corporations Act.  Section 8.10(B) also provides that the secretary

of state is an agent for service of process on corporations that do business in Texas but who

have not registered an agent for service.  It requires the secretary of state to forward a copy

of the served papers to the "principal" office of the foreign corporation, not the "home" or

"home office" of the foreign corporation.  In this case, MacroSolve's complaint tracked the

language of the statute, alleging that the forwarding address was TrueContext's "principal"

place of business.  So even under TrueContext's theory that MacroSolve's complaint must

contain a specific allegation tracking the language of the relevant statute, MacroSolve has

met its burden.

## II.    MACROSOLVE WAS NOT REQUIRED TO PROCEED UNDER THE HAGUE CONVENTION

TrueContext alternatively argues that, because it is a Canadian company,

MacroSolve was required to serve process under the Hague Convention.  TrueContext

primarily relies on *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694 (1988).

But that case actually held the opposite.

In *Volkswagenwerk,* the Supreme Court held that service under the Hague

Convention is *not* required if service is properly made on a domestic agent.  486 U.S. 694,

707 (1988) ("Where service on a domestic agent is valid and complete under both state law

and the Due Process Clause, our inquiry ends and the Convention has no further

implications.").  Service was made in Illinois on a domestic subsidiary of a German

corporate defendant.  486 U.S. at 696-97.  Under Illinois law, the domestic subsidiary was automatically appointed as an agent for service of process.  *Id*. at 697.  Because service was made in Illinois on this domestic agent, the Supreme Court held that the Hague Convention did not apply.  *Id*. at 707-08.

This case is like *Volkswagenwerk*.  Here, the Texas Secretary of State has been automatically appointed as an agent for service under Texas law.  MacroSolve served the Texas Secretary of State as permitted under the Federal Rules.  Just as in *Volkswagenwerk*, because service was made within the United States on a domestic agent of the defendant, the Hague Convention does not apply.  (It is true that in this case the Secretary of State was required to forward the papers by mail to TrueContext Data in Canada, but service occurred when TrueContext's domestic agent, the Texas Secretary of State, was served in the state of Texas, not when the papers were forwarded by mail to TrueContext.  *See, e.g., Bonewitz v. Bonewitz*, 726 S.W.2d 227, 230 (Tex. Ct. of Appeals 1987) (holding that service occurs on the day that the secretary of state is served as agent, not on the day that the defendant receives a copy of the papers forwarded by the secretary of state).)

The two bankruptcy cases cited by TrueContext do not support its argument.  In both cases, service under the Hague Convention was required, but that was only because service was made in a foreign country.  *In re Maxon Eng. Serv., Inc.*, 418 BR 653, 664-65 (Bankr. D. P.R. 2009); *In re Chinnin USA, Inc*., 327 B.r. 325, 331 (Bankr. N.D. Ill. 2005). Just like in *Volkswagenwerk*, in this case, service was made in the United States, not in a foreign country.

### III.   EVEN IF TRUECONTEXT WERE CORRECT, DISMISSAL IS NOT THE CORRECT REMEDY

Even if TrueContext were correct that it has not been served properly, the correct remedy is not dismissal of the case against it.  When there is a deficiency in service, courts routinely allow time for it to be fixed.  *See, e.g., Int'l Transactions, Ltd. v. Embotelladora Agral Regionmontana SA de CV,* 277 F. Supp.2d 654, 665 (N.D. Tex. 2002); *Umbenhauer v. Woog,* 969 F.2d 25, 30 (3d Cir. 1992) (holding that when there is a "reasonable prospect" that service may be obtained, dismissal is "inappropriate").

### IV.   CONCLUSION

For the foregoing reasons, TrueContext's motion to dismiss should be denied.

Dated: September 1, 2011                Respectfully submitted,

   /s/  Matthew J. Antonelli
Matthew J. Antonelli (lead attorney)
Texas Bar No. 24068432
matt@ahtlawfirm.com
Zachariah S. Harrington
Texas Bar No. 24057886
zac@ahtlawfirm.com
Larry D. Thompson, Jr.
Texas Bar No. 24051428
larry@ahtlawfirm.com
ANTONELLI, HARRINGTON &
THOMPSON LLP
4200 Montrose Blvd., Ste. 430
Houston, TX 77006
(713) 581-3000

Attorneys for MacroSolve, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of September 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.


/Matthew J. Antonelli
Matthew Antonelli