IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| MACROSOLVE, INC., <br><br> Plaintiff, <br><br> v. <br><br> (1) ANTENNA SOFTWARE, INC.; <br> (2) CENGEA SOLUTIONS, INC.; <br> (3) DATA SYSTEMS INTERNATIONAL, INC.; <br> (4) ENVIRONMENTAL SYSTEMS RESEARCH INSTITUTE, INC.; <br> (5) INVENSYS SYSTEMS, INC. (d/b/a INVENSYS OPERATIONS MANAGEMENT); <br> (6) TRUECONTEXT MOBILE SOLUTIONS CORPORATION; <br> (7) SPRING WIRELESS USA, INC.; <br> (8) ZERION SOFTWARE, INC.; <br> (9) BIZSPEED, INC.; <br> (10) SYCLO, L.L.C.; <br> (11) XORA, INC.; <br> (12) SPIRA DATA CORP.; <br> (13) SURVEY ANALYTICS LLC; <br> (14) THE DATAMAX SOFTWARE GROUP INC.; <br> (15) VENTYX INC.; <br> (16) AIR2WEB INC.; <br> (17) GENERAL DATA COMPANY, INC.; <br> (18) REALTIME RESULTS, LLC; <br> (19) MILLENIUM INFORMATION TECHNOLOGY, INC. (d/b/a MIT SYSTEMS, INC.); and <br> (20) AGILIS SYSTEMS, LLC, <br><br> Defendants. | | CIVIL ACTION NO. 6:11-cv-287-LED <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANT TRUECONTEXT MOBILE SOLUTIONS CORPORATION'S
REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant, TrueContext Mobile Solutions Corporation ("TrueContext"), submits this reply in support of its motion to dismiss and would respectfully show the Court as follows:

In its opposition, Plaintiff MacroSolve, Inc. ("MacroSolve") asserts that although TrueContext is a foreign corporation with its office in Canada, MacroSolve is not required to comply with the service requirements of the Hague Convention because substituted service of process on the Texas Secretary of State pursuant to Tex. Civ. P. Rem. Code § 17.044, as a statutorily designated agent for TrueContext, does not implicate the Hague Convention. Serving the Texas Secretary of State with instructions to mail the documents to the defendant, however, is not sufficient service of process on a foreign corporation where the foreign corporation is located in a country, like Canada, that is a signatory to the Hague Convention. Where a plaintiff attempts to serve a foreign corporation in a Hague Convention signatory nation, the plaintiff must follow the Hague Convention requirements. *Sheets v. Yamaha Motors Corp.*, 891 F.2d 533, 537 (5th Cir. 1990)("transmittal of documents abroad is precisely the type of service that triggers the application of the Hague Convention procedures … because the service that plaintiff attempted fell squarely within the scope of the Hague Convention, insisting on service pursuant to its provisions was warranted by existing law").

Plaintiff admits that it served the summons and complaint on the Texas Secretary of State as a substituted agent with directions to mail the documents to the Defendant's office in Canada. Indeed, the Plaintiff admits that "in this case the Secretary of State was required to forward the papers by mail to TrueContext in Canada". Plaintiff's Br. pg. 6. However, the Fifth Circuit has settled the issue of whether service on a foreign defendant can be accomplished by mail by holding that the Hague Convention <u>does not</u> permit service of process by mail. *Nuovo Pignone v. Storman Asia M/V*, 310 F.3d 374, 384 (5th Cir. 2002). Moreover, the Hague Convention preempts inconsistent methods of service prescribed by state law in all cases to which it applies. *Nocando Mem Holdings, Ltd. v. Credit Commercial De France, S.A.*, 2004 WL 2603739, *5

(W.D. Tex. Oct. 6, 2004)(citing *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699 (1988))(Exhibit B). Indeed, the *Volkswagenwerk* Court held that "if the internal law of the forum state defines the applicable method of serving process as requiring the transmittal of documents abroad, then the Hague Convention applies." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. at 700. As admitted by Plaintiff, the method of service chosen by the Plaintiff required the documents to be mailed to TrueContext in Canada. Indeed, by mailing the documents to TrueContext through the Texas Secretary of State under Section 17.045 of the Texas Civil Practice and Remedies Code, MacroSolve triggered the Hague Convention procedures. *Id.*; *See* Tex. Prac. & Rem. Code § 17.0045. Accordingly, MacroSolve has failed to properly serve TrueContext and the complaint against TrueContext should be dismissed. *Kreimerman v. Casa Veerkamp S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994)("A district court, however, has broad discretion to dismiss an action for ineffective service of process").

Other courts have addressed an argument similar to MacroSolve's, and have rejected it, finding that service on the Texas Secretary of State does not comply with the requirements of the Hague Convention. The District Court for the Western District of Texas has consistently held that serving the Texas Secretary of State does not circumvent the requirements of the Hague Convention. In *Alternative Delivery Solutions, Inc.*, the plaintiff attempted to serve the defendant by utilizing the Texas long-arm statute's authorization for substituted service on the Texas Secretary of State. *Alternative Delivery Solutions, Inc. v. R.R. Donnelley & Sons Co.*, 2005 WL 1862631 *2 (W.D.Tex. July 8, 2005)(Exhibit C). The District Court reasoned that when substituted service on the Texas Secretary of State is utilized the law requires the Secretary of State to send the service of process to a non-resident defendant via registered mail and that this transmittal of service documents abroad by mail necessarily implicates the Hague

Convention and its requirements.  The District Court recognized that under Fifth Circuit law, the Hague Convention does not permit service by mail and that therefore service via the Texas Secretary of State is insufficient.  *Id*(citing *Nuovo Pignone v. Storman Asia M/V*, 310 F.3d 374, 384 (5th Cir. 2002)).

Similarly in *Nocando Mem Holdings*, the District Court for the Western District of Texas held that "service via the Texas Secretary of State would be insufficient as to any defendant [located in a country] who is a signatory to the Hague Convention." *Nocando Mem Holdings, Ltd. v. Credit Commercial De France, S.A.*, 2004 WL 2603739 at *5.(Exhibit B).  As in the *Alternative Delivery Solutions* case, the *Nocando* Court reasoned that the direction and requirement that the Secretary of State forward process to the defendant by mail implicates the Hague Convention and the Fifth Circuit's holding that service by mail is not permitted under the Hague Convention.  The Court found that "by virtue of the Supremacy Clause, the [Hague] Convention preempts inconsistent methods of service prescribed by state law in all cases in which it applies." *Id*(citing *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. at 699).

Moreover, the District Court for the Southern District of Texas has reached a similar conclusion in a case where the plaintiff attempted to circumvent the Hague Convention by serving the Texas Secretary of State.  In *TPCO Enterprise*, the plaintiff attempted to serve the German defendant through the Texas Secretary of State.  *TPCO Enterprise, Inc. v. Rickmers-Linie GMBH*, 2008 WL 167078, *1 (S.D.Tex. Jan. 16, 2008)(Exhibit D).  The District Court found that "service on Defendant, a German company, must be accomplished in accordance with the Hague convention". *Id*.  Because the plaintiff neither attempted nor accomplished service on the defendant under the Hague Convention the District Court granted the motion to dismiss on that basis.  *Id*.

For these reasons, the Plaintiff's complaint against Defendant, TrueContext, should be dismissed for insufficient process and/or insufficient service of process, pursuant to Rule 12(b)(4) and/or 12(b)(5). Additionally or alternatively, the Court should enter an order quashing the Plaintiff's attempted service on TrueContext by mail and/or via the Texas Secretary of State, in view of the Plaintiff's failure to comply with applicable requirements of the Hague Convention and/or Texas law.

        Respectfully submitted,

        By: */s/ J. Thad Heartfield*_____
           J. Thad Heartfield
           Texas Bar No. 09346800
           Email: thad@jth-law.com
           M. Dru Montgomery
           Texas Bar No. 24010800
           Email: dru@jth-law.com
        THE HEARTFIELD LAW FIRM
        2195 Dowlen Road
        Beaumont, Texas 77706
        Telephone: 409-866-3318
        Facsimile: 409-866-5789

        COUNSEL FOR DEFENDANT,
        TRUECONTEXT MOBILE SOLUTIONS
        CORPORATION

## **CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 12th day of September, 2011. Any other counsel of record will be served by first class mail.

                                        */s/ J. Thad Heartfield*
                                        J. Thad Heartfield