# EXHIBIT D

**Westlaw.**

Not Reported in F.Supp.2d, 2008 WL 167078 (S.D.Tex.)
**(Cite as: 2008 WL 167078 (S.D.Tex.))**

**C**
Only the Westlaw citation is currently available.

United States District Court,
S.D. Texas,
Houston Division.
TPCO ENTERPRISE, INC., Plaintiff,
v.
RICKMERS-LINIE GMBH & CIE, Defendant.

Civil Action No. H-07-2001.
Jan. 16, 2008.

Robert C. Oliver, Sharpe and Oliver, L.L.P., Houston, TX, for Plaintiff.

Jeffrey James Putnam, Cohen Gorman et al., Houston, TX, for Defendant.

### *MEMORANDUM AND ORDER*
NANCY F. ATLAS, District Judge.
**\*1** This case is before the Court on the Motion to Dismiss [Doc. # 14] filed by Defendant Rickmers-Linie Gmbh & Cie, KG, Hamburg ("Rickmers"). Plaintiff has neither filed any opposition to the Motion to Dismiss nor requested that the Court allow additional time to do so.[FN1] A party's failure to file any opposition to a motion is construed as a statement of non-opposition to the motion. *See* Local Rule 7.4. Nonetheless, the Court has reviewed the Motion to Dismiss on its merits. Based on that review and the application of governing legal authorities, the Court **grants** the Motion to Dismiss.

> FN1. Plaintiff requested and obtained from Defendant an agreed extension of time to January 4, 2008, to file any opposition to the Motion to Dismiss. *See* Stipulation [Doc. # 15]. Plaintiff did not, however, file any opposition by the January 4, 2008, extended deadline.

### I.  *FACTUAL AND PROCEDURAL BACKGROUND*
Plaintiff filed this lawsuit alleging damage to several shipments of cargo transported under bills of lading issued by Defendant. Each of the bills of lading includes an arbitration clause requiring arbitration in Hamburg, Germany.

Plaintiff attempted service of process on Defendant, a German company, through the Texas Secretary of State. Plaintiff has neither attempted nor accomplished proper service under the Hague Convention through Germany's Central Authority.

Defendant moved to dismiss, both for lack of proper service and based on the arbitration provision. Plaintiff has not opposed the Motion to Dismiss on either ground, and the motion is now ripe for decision.

### II. *ARBITRATION PROVISION*
The shipments at issue were in accordance with bills of lading that contained a binding arbitration provision requiring arbitration before the German Maritime Arbitration Association in Hamburg, Germany. The arbitration provision is quite broad, requiring arbitration of "[a]ny dispute arising from or in connection with [the] Bill of Lading ...."

There exists a strong federal policy in favor of arbitration, and any doubts must be resolved in favor of the arbitration provision. *See Fednet Corp. v. M/V Buyalyk,* 194 F.3d 674, 676 (5th Cir.1999). In the maritime context, arbitration clauses are presumptively valid. *See Vimar Seguros y Reaseguros, S.A. v. M/V Sky Reefer,* 515 U.S. 528, 541, 115 S.Ct. 2322, 132 L.Ed.2d 462 (1995).

In this case, Defendant has presented evidence of an applicable arbitration clause. Plaintiff has not argued or presented evidence that the provision is not valid or does not apply to the claims in this lawsuit. Indeed, as is noted above, Plaintiff has not presented any opposition to Defendant's motion to dismiss the case without prejudice to its being submitted to arbitration in Germany in accordance with the arbitration provision in the Bills of Lading.

It appearing that the claims in this case are subject to a binding arbitration provision, the lawsuit is dismissed without prejudice.

### III. *SERVICE OF PROCESS*

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2008 WL 167078 (S.D.Tex.)
**(Cite as: 2008 WL 167078 (S.D.Tex.))**

Plaintiff attempted to serve Defendant through the Texas Secretary of State. Service on Defendant, a German company, must be accomplished in accordance with the Hague Convention. *See Volkswagenwerk Aktiengesellschaft v. Schlunk,* 486 U.S. 694, 698, 108 S.Ct. 2104, 100 L.Ed.2d 722 (1988). It is undisputed that Plaintiff has neither attempted nor accomplished service on Defendant through the Hague Convention. As a result, Defendant's motion to dismiss on this basis is granted.

**IV.** *CONCLUSION AND ORDER*
    **\*2** Plaintiff has failed to effect proper service on Defendant. Additionally, the dispute in this case is subject to a mandatory arbitration provision requiring arbitration in Germany. Accordingly, it is hereby

    **ORDERED** that Defendant's Motion to Dismiss [Doc. # 14] is GRANTED and this case is **DISMISSED WITHOUT PREJUDICE** to being pursued in the German arbitration. The Court will issue a final Order.

S.D.Tex.,2008.
TPCO Enterprise, Inc. v. Rickmers-Linie GmbH & Cie
Not Reported in F.Supp.2d, 2008 WL 167078 (S.D.Tex.)

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.