IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| MACROSOLVE, INC.<br><br>v.<br><br>ANTENNA SOFTWARE, INC., ET AL. | NO. 6:11-cv-00287-LED<br><br>JURY |

**THE DATAMAX SOFTWARE GROUP, INC.'S ANSWER, AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS TO ORIGINAL COMPLAINT**

Defendant The DataMAX Software Group, Inc. ("DataMAX") hereby files its Answer, Affirmative Defenses and Counterclaims to plaintiff MacroSolve, Inc.'s Original Complaint. Unless expressly admitted, DataMAX denies the allegations in the Original Complaint. DataMAX responds to the Complaint as follows:

## I.　THE PARTIES

1.　DataMAX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 and therefore denies them.

2.　DataMAX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 and therefore denies them.

3.　DataMAX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 and therefore denies them.

4.　DataMAX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 and therefore denies them.

5.　DataMAX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 and therefore denies them.

6. DataMAX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 and therefore denies them.

7. DataMAX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 and therefore denies them.

8. DataMAX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 and therefore denies them.

9. DataMAX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 and therefore denies them.

10. DataMAX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 and therefore denies them.

11. DataMAX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 and therefore denies them.

12. DataMAX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 and therefore denies them.

13. DataMAX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 and therefore denies them.

14. DataMAX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 and therefore denies them.

15. DataMAX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 and therefore denies them.

16. DataMAX admits that it is a California corporation, and that it does not have a resident agent for service of process in Texas. DataMAX does not contest the manner of service

and for purposes of this matter accepts service of the Complaint. DataMAX denies the remaining allegations contained in paragraph 16.

17. DataMAX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 and therefore denies them.

18. DataMAX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 and therefore denies them.

19. DataMAX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 and therefore denies them.

20. DataMAX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 and therefore denies them.

21. DataMAX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 and therefore denies them.

## II.   JURISDICTION AND VENUE

22. DataMAX admits that the Original Complaint purports to plead an action for patent infringement arising under the patent laws of the United States, particularly 35 U.S.C. §§ 271, 281, and 284-285. DataMAX admits that federal district courts have subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). DataMAX denies that the purported action has any merit, and DataMAX denies the remaining allegations contained in paragraph 22.

23. DataMAX admits that venue is proper under 28 U.S.C. § 1400(b). DataMAX admits that it does business in this district. DataMAX denies the remaining allegations contained in paragraph 23 and further denies that venue is convenient in this district.

24. DataMAX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 and therefore denies them.

## III. COUNT I
## [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 7,822,816

25. DataMAX admits that on October 26, 2010, the U.S. Patent and Trademark Office issued U.S. Patent No. 7,822,816 ("the '816 patent"), and that the '816 patent is entitled "System and Method for Data Management." DataMAX denies that the '816 patent was duly and/or legally issued. DataMAX is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 25 and therefore denies them.

26. DataMAX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 and therefore denies them.

27. DataMAX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 and therefore denies them.

28. DataMAX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 and therefore denies them.

29. DataMAX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 and therefore denies them.

30. DataMAX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 and therefore denies them.

31. DataMAX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 and therefore denies them.

32. DataMAX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 and therefore denies them.

33. DataMAX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 and therefore denies them.

34. DataMAX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 and therefore denies them.

35. DataMAX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 and therefore denies them.

36. DataMAX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 and therefore denies them.

37. DataMAX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 and therefore denies them.

38. DataMAX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 and therefore denies them.

39. DataMAX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 and therefore denies them.

40. DataMAX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 and therefore denies them.

41. Denied.

42. DataMAX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 and therefore denies them.

43. DataMAX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 and therefore denies them.

44. DataMAX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 and therefore denies them.

45. DataMAX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 and therefore denies them.

46. DataMAX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 and therefore denies them.

47. DataMAX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 and therefore denies them.

## IV.    JURY DEMAND

DataMAX admits that the plaintiff purports to demand a trial by jury.

## V.    [PLAINTIFF'S] PRAYER

To the extent any response is required, DataMAX denies that the plaintiff is entitled to any relief as to DataMAX. To the extent the prayer relates to defendants other than DataMAX, DataMAX is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

## AFFIRMATIVE DEFENSES

Without altering the proper burden of proof on any issue, DataMAX states the following defenses and affirmative defenses. DataMAX reserves the right to assert additional defenses and affirmative defenses that may be discovered and/or substantiated during the course of this litigation.

### First Defense

1. DataMAX has not and does not infringe any valid, properly-construed claim of the '816 patent.

### Second Defense

2. The '816 patent is invalid because it fails to comply with the requirements for patentability in 35 U.S.C. § 101 *et seq.*, including but not limited to §§ 101, 102, 103 and/or 112.

### Third Defense

3. On information and belief, plaintiff's claims are barred in whole or in part by the doctrines of laches and/or estoppel.

### Fourth Defense

4. On information and belief, plaintiff's claims for pre-suit damages are barred in whole or in part by reason of lack of actual or constructive notice of the asserted patent, including plaintiff's failure to comply with the marking statute, 35 U.S.C. § 287.

### Fifth Defense

5. On information and belief, plaintiff lacks standing to sue, and/or plaintiff does not hold all title and substantial rights to the asserted patents.

## **Sixth Defense**

6. On information and belief, plaintiff's claims are barred by the doctrine of unclean hands.

## **Seventh Defense**

7. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## COUNTERCLAIMS

This is a declaratory judgment action seeking a declaration of non-infringement and invalidity of United States Patent No. 7,822,816 ("the '816 patent").

### Parties

1. Defendant and counterclaim plaintiff The DataMAX Software Group, Inc. ("DataMAX") is a California corporation with its principal place of business in El Dorado Hills, California.

2. On information and belief, Plaintiff and counterclaim defendant MacroSolve, Inc. ("MacroSolve") is an Oklahoma corporation with its principal place of business in Tulsa, Oklahoma.

### Jurisdiction and Venue

3. These counterclaims arise under the patent laws of the United States, Title 35 of the United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.* and 28 U.S.C. §§ 1331, 1338, 1367, 2201 and 2202.

4. If venue is proper over the action filed by plaintiff, then venue over these counterclaims is also proper in this District pursuant to at least 28 U.S.C. §§1391 and 1400.

### Count I – Declaration of Non-Infringement

5. Based on plaintiff MacroSolve's filing of its Original Complaint and DataMAX's assertion that the '816 patent is not infringed, there exists a real and actual case and controversy between the parties regarding whether DataMAX infringes the '816 patent.

6. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*. DataMAX is entitled to and respectfully requests a declaration by the Court that it does not infringe any claim of the '816 patent.

### Count II – Declaration of Invalidity

7. Based on plaintiff MacroSolve's filing of its Original Complaint and DataMAX's assertion that the '816 patent is invalid, there exists a real and actual case and controversy between the parties regarding the validity of the '816 patent.

8. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*. DataMAX is entitled to and respectfully requests a declaration by the Court that the claims of the '816 patent are invalid.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, DataMAX respectfully requests a trial by jury of any issue so triable by right.

### PRAYER FOR RELIEF

DataMAX respectfully requests a judgment against MacroSolve as follows:

A. That DataMAX has not and does not infringe any claim of any of the '816 patent.

B. That the '816 patent is invalid.

C. That MacroSolve take nothing by its Complaint, and that the Complaint be dismissed with prejudice;

D. That this is an exceptional case under 35 U.S.C. § 285;

E. That awards DataMAX its costs and reasonable attorneys fees incurred in this action; and

F. Any further relief as the Court may deem just and proper.

| | |
|---|---|
| October 3, 2011 | Respectfully submitted,<br><br>THE DATAMAX SOFTWARE GROUP INC.<br><br>By: /s/ DRAFT<br>Henry M. Pogorzelski<br>Texas Bar No. 24007852<br>Michael J. Collins<br>Texas Bar No. 04614142<br>COLLINS, EDMONDS & POGORZELSKI, PLLC<br>1616 South Voss Road, Suite 125<br>Houston, Texas 77057<br>Telephone: (281) 501-3425<br>Facsimile: (832) 415-2535<br>hpogorzelski@cepiplaw.com<br><br>ATTORNEYS FOR DEFENDANT THE DATAMAX SOFTWARE GROUP INC. |

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

| | |
|---|---|
| October 3, 2011 | /s/ Michael J. Collins<br>Michael J. Collins |