**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| MACROSOLVE, INC., | § | CIVIL ACTION NO. 6:11-cv-287 |
| | § | |
| v. | § | **CONSOLIDATED LEAD CASE** |
| | § | |
| ANTENNA SOFTWARE, INC. et al. | § | **JURY TRIAL DEMANDED** |

**DEFENDANTS' OPPOSED MOTION FOR LEAVE TO SUPPLEMENT THEIR
INVALIDITY CONTENTIONS**

GEICO Insurance Agency, Inc., GEICO Casualty Company, and Governmental Employees Insurance Company (collectively "GEICO") and Newegg Inc. ("Newegg"), (collectively "Defendants") file this Opposed Motion for Leave to Supplement Their Invalidity Contentions. Leave is proper because Defendants have diligently researched, analyzed, and brought to MacroSolve's attention additional prior art that will invalidate the claims of the patent-in-suit, as asserted in MacroSolve's supplemental infringement contentions. MacroSolve will not suffer any prejudice because the contentions will be supplemented weeks before the P.R. 4-1 claim construction exchange is set to occur. Further, a continuance while available, is unnecessary, under the current amended Docket Control Order.

**I.   INTRODUCTION**

On June 8, 2012 and on August 10, 2012, MacroSolve served its P.R. 3-1 and 3-2 infringement contentions as to Newegg and GEICO, respectively. On September 7 and 24, 2012, respectively, Newegg (with others) and GEICO served P.R. 3-3(a) invalidity contentions. MacroSolve supplemented its P.R. 3-1 and 3-2 disclosures as to GEICO on November 15, 2012 and as to Newegg on March 8, 2013. Meanwhile, MacroSolve keeps filing cases in this district

asserting the patent-in-suit.[1]

While continuing its investigation of the patent-in-suit, GEICO uncovered additional prior art references, including in February 2013. After analyzing these references, GEICO filed a Request for *Ex Parte* Reexamination with the United States Patent and Trademark Office ("PTO") on April 3, 2013. In addition, while continuing its investigation of the patent-in-suit, Newegg has uncovered an additional prior art reference following receipt of MacroSolve's supplemental P.R. 3-1 and 3-2 disclosures that included further details based on how MacroSolve was asserting certain limitations. Thus, Defendants now seek leave to amend their invalidity contentions to incorporate these important references and basis of invalidity.

## II. CONTENTS OF THE REQUEST FOR *EX PARTE* REEXAMINATION

### A. Prior Art References

GEICO's Request for Ex Parte Reexamination includes six new prior art references:

- U.S. Patent No. 6,477,373 to Rappaport et al.;
- U.S. Patent No. 6,584,464 to Warthen;
- European Patent Application EP 0779,759 to Rossmann;
- PCT Published Application WO 99/33390 to Benigno;
- U.S. Patent No. 5,991,771 to Falls et al.; and
- U.S. Patent No. 5,442,786 to Bowen.

*See* Ex. A (excerpt of the request for reexamination).

---

[1] *See, e.g.*, cases filed on February 25-26, 2013: 6:13-cv-204, *MacroSolve, Inc. v. Nordstrom, Inc. et al.*; 6:13-cv-206, *MacroSolve, Inc. v. Ruelala, Inc. et al.*; 6:13-cv-207, *Macrosolve, Inc. v. Staples, Inc. et al.*; 6:13-cv-198, *MacroSolve, Inc. v. Costco Wholesale Corporation*; 6:13-cv-199, *MacroSolve, Inc. v. Fandango, Inc. et al.*; 6:13-cv-200, *MacroSolve, Inc. v. Gamestop Corp. et al.*; 6:13-cv-201, *Macrosolve, Inc. v. Gilt Groupe Holdings, Inc. et al.*; 6:13-cv-202, *MacroSolve, Inc. v. Kohl's Department Stores, Inc. et al.*; and 6:13-cv-203, *MacroSolve, Inc. v. The Kroger Co.*

Newegg's investigation has uncovered one additional prior art reference:

- U.S. Patent No. 6,779,042 to Kloba et al.

## III. LEGAL BACKGROUND

A party seeking to modify the Court's Docket Control order must show "good cause." FED. R. CIV. P. 16(b). Local Patent Rule 3-6(b) allows a party to supplement its Invalidity Contentions "by order of the Court, which shall be entered only upon a showing of good cause." P.R. 3-6(b).

"While a Court has broad discretion to grant untimely motions to amend pleadings, it should consider four factors in ruling on such motions: (1) the explanation for the failure to meet the deadline; (2) the importance of the thing that would be excluded; (3) potential prejudice in allowing the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice." *Arbitron, Inc. v. Int'l Demographics Inc.*, No. 2:06-CV-434, 2009 U.S. Dist. LEXIS 3191, at *3-*4 (E.D. Tex. Jan. 16, 2009) (citing *S & W Enters., L.L.C. v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)).

## IV. ARGUMENT

The Defendants' Motion for Leave should be granted because it satisfies the requirement of demonstrating good cause as Defendants have diligently researched, analyzed, and brought to MacroSolve's attention, well in advance of the P.R. 4-1 claim construction exchange, additional prior art that will invalidate the claims of the patent-in-suit in view of MacroSolve's supplemental infringement contentions.

### A. Recent Discovery of Invalidating Prior Art

Defendants' need to supplement their invalidity contentions was not due to any lack of diligence on its part. Instead, Defendants' need to supplement is a function of their continued investigation of the patent-in-suit, including invalidity theories, in general and in particular the

uncovering of additional prior art references during development of a Request for *Ex Parte* Reexamination and upon receipt of updated infringement contentions.

During development of GEICO's Request for *Ex Parte* Reexamination, GEICO engaged the services of a prior art search vendor, which provided reexamination counsel with search results that included PCT Published Application WO 99/33390 to Benigno on January 31, 2013. As part of GEICO's continued invalidity investigation, a second prior art search vendor was engaged, which discovered additional references in February 2013, that included U.S. Patent No. 5,991,771 to Falls et al. GEICO's Reexamination counsel diligently analyzed the new prior art references and drafted the Request for *Ex Parte* Reexamination, which was filed with the PTO on April 3, 2013.

Additionally, Defendants' continued investigation into the patent was extended as a function of the Court granting MacroSolve's Motion to Modify the Docket Control Order, creating additional time to investigate in advance of claim construction. Dkt. 380. For this reason, the Court should grant Defendants leave to amend their invalidity contentions.

**B.    Importance of the Things To Be Excluded**

GEICO's Request for *Ex Parte* Reexamination includes eight references (six new and two previously charted) and provides six theories of invalidity. These six new references and the arguments which support them – which may be excluded without leave of the Court to supplement GEICO's P.R. 3-4 disclosures – include detailed charts, illustrated diagrams, and references that were not before the PTO during prosecution of the patent-in-suit. This additional information will be helpful to the Court and instructive on the issue of invalidity. The same is true of the new reference uncovered by Newegg.

To exclude these references, and the arguments that support them, would be to shut the Court's eyes to evidence that is highly relevant to the question of obviousness and, ultimately,

any determination of invalidity of the patent-in-suit.

Finally, "The court need not analyze the strength of plaintiff's infringement contentions as part of the good cause determination." *Arbitron, Inc. v. Int'l Demographics Inc.*, No. 2:06-CV-434, 2009 U.S. Dist. LEXIS 3191, at *7 (E.D. Tex. Jan. 16, 2009). Instead, the Court need merely determine that the things to be excluded are "of sufficient importance" to judgment in the present matter "to allow an amendment at this time." *Id.*

In the present matter, the things to be excluded are important. For this reason, the Court should grant Defendants leave to amend their invalidity contentions.

### C. No Demonstrable Prejudice

While the additional prior art references to be excluded are highly relevant to a determination of invalidity of the patent-in-suit, their inclusion is not prejudicial to MacroSolve's interests. This is so because (i) MacroSolve will likely have to confront most of these references before the PTO to the extent that the PTO grants GEICO's Request for *Ex Parte* Reexamination, (ii) MacroSolve will likely have to confront these references before the PTO during the prosecution of U.S. Patent Application Serial No. 12/910,706, filed on October 10, 2010, which is a pending continuation of the patent-in-suit, and (iii) MacroSolve will likely have to confront these references before this Court in one or more of the later filed cases. *See* n. 1.

Importantly, this case is rather early in its schedule. Under the amended Docket Control Order, the deadline for the P.R. 4-1 exchange is May 10, 2013. Dkt. 390. The *Markman* hearing is set for September 26, 2013. *Id.* Only one third-party deposition has taken place. Thus, there is no danger that MacroSolve "would need to expend a king's ransom in assessing the new [Supplemental Invalidity Contentions], reformulating its defense strategy and participating in reopened fact discovery were the court to allow [Defendant] to submit its supplemental PICs," as in other cases where leave to amend was denied under P.R. 3-6(b). *Raytheon Co. v. Indigo Sys.*

*Corp.*, No. 4:07-cv-109, 2008 U.S. Dist. LEXIS 103889, at *8-*9 (E.D. Tex. Dec. 23, 2008).

Accordingly, MacroSolve will not be prejudiced by the GEICO's supplementing its invalidity contentions at this stage.

### D. Availability of a Continuance

Because the Court granted MacroSolve's Motion to Modify the Docket Control Order, a continuance is available – but unnecessary – to cure any prejudice. Dkt. 380. Under the amended Docket Control Order, the deadline for the P.R. 4-1 Exchange is May 10, 2013. Dkt. 390. Accordingly, a continuance is available, but unnecessary.

### V. CONCLUSION

Defendants have shown diligence in analyzing and bringing to MacroSolve's attention the additional prior art. The new references in Defendants' supplementary invalidity contentions will support a determination of invalidity of the claims of the patent-in-suit. MacroSolve is not prejudiced by delay occurring weeks before the initial claim construction exchange under P.R. 4-1. Under the amended Docket Control Order, a continuance is available, but unnecessary.

For the foregoing reasons, the Court should grant Defendants leave to supplement their invalidity contentions.

Dated: April 16, 2013

Respectfully submitted,

BRACEWELL & GIULIANI LLP

By: */s/ Jonathan R. Spivey*
    Jonathan R. Spivey
    Attorney-in-Charge
    State Bar No. 24002989
John A. Yates
State Bar No. 24056569
711 Louisiana, Suite 2300
Houston, Texas 77002
(713) 223-2300 – Telephone
(713) 221-1212 – Facsimile

ATTORNEYS FOR DEFENDANTS
GEICO INSURANCE AGENCY, INC.,
GEICO CASUALTY COMPANY, AND
GOVERNMENT EMPLOYEES
INSURANCE COMPANY


THE WEBB LAW FIRM

By: */s/ Kent E. Baldauf, Jr.*
    Kent E. Baldauf, Jr. – Attorney in Charge
    Bryan P. Clark
    James J. Bosco, Jr.
    Anthony W. Brooks
One Gateway Center
420 Ft. Duquesne Boulevard
Suite 1200
Pittsburgh, PA 15222
T: (412) 471-8815
F: (412) 471-4094

YARBROUGH ♦ WILCOX, PLLC

    Trey Yarbrough
    Texas Bar No. 22133500
100 E. Ferguson St., Ste. 1015
Tyler, Texas 75702
Tel: (903) 595-3111
Fax: (903) 595-0191
trey@yw-lawfirm.com

ATTORNEYS FOR NEWEGG INC.

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                               */s/ Jonathan R. Spivey*
                               Jonathan R. Spivey

## CERTIFICATE OF CONFERENCE

I hereby certify that on behalf of Defendants counsel for GEICO have conferred with counsel for MacroSolve via telephone calls and emails on April 8-12, 2013. MacroSolve opposes this Motion.

                               */s/ Jonathan R. Spivey*
                               Jonathan R. Spivey