UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| MACROSOLVE, INC., <br> Plaintiff, <br><br> V. <br><br> ANTENNA SOFTWARE, INC. et al. <br> Defendants. | § § § § § § § § | CASE NO. 6:11-cv-287-MHS-JDL |

| | | |
|---|---|---|
| MACROSOLVE, INC., <br> Plaintiff, <br><br> V. <br><br> GEICO INSURANCE AGENCY, INC., <br> GEICO CASUALTY COMPANY, and <br> GOVERNMENT EMPLOYEES <br> INSURANCE COMPANY, <br> Defendants. | § § § § § § § § § § § § | CASE NO. 6:12-cv-74-MHS-JDL |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motions for Leave to Supplement Invalidity Contentions (No. 6:11-cv-287, Doc. No. 396); (No. 6:12-cv-74, Doc. No. 54) (collectively "MOTION").[1] The matter has been fully briefed (No. 6:11-cv-287, Doc. Nos. 399, 401, & 405); (No. 6:12-cv-74, Doc. Nos. 56, 58, & 60). Upon consideration of the parties' arguments, the Motion is **DENIED**.

## BACKGROUND

On January 30, 2012, MacroSolve, Inc. ("MacroSolve" or "Plaintiff") brought suit against Newegg for infringement of U.S. Patent No. 7,822,816 ("the '816 patent"). (No. 6:12-cv-

---

[1] Moving Defendants are Newegg Inc. ("Newegg") and GEICO Insurance Agency, Inc., GEICO Casualty Company, and Government Employees Insurance Company (collectively "GEICO"). Newegg and GEICO are involved in separate actions against MacroSolve, which have been consolidated for pretrial issues (No. 6:11-cv-287, Doc. No. 259). GEICO and Newegg filed this Motion jointly in the lead case, (No. 6:11-cv-287, Doc. No. 396), and GEICO re-filed the Motion in the member case. (No. 6:12-cv-74, Doc. No. 54).

1

46, Doc. No. 1). In addition, MacroSolve brought suit against GEICO on February 17, 2012 for infringement of the '816 patent. (No. 6:12-cv-74, Doc. No. 1).

Pursuant to Local Patent Rule 3-1, MacroSolve served Newegg its infringement contentions on June 8, 2012 and served GEICO its infringement contentions on August 10, 2012. MOTION at 1. Subsequently, pursuant to Local Patent Rule 3-3, Newegg and GEICO served their invalidity contentions on September 7 and 24, 2012, respectively. *Id.* MacroSolve then supplemented its infringement contentions against GEICO on November 15, 2012 and against Newegg on March 8, 2013. *Id.*

From January 31, 2013 through the end of February 2013, GEICO found six additional prior art references, and filed a request for *ex parte* reexamination of the '816 patent in the United States Patent and Trademark Office ("PTO") on April 3, 2013. *Id.* at 2. Newegg also found an additional prior art reference some time after March 8, 2013. *Id.* On April 16, 2013, Defendants jointly filed the instant motion to amend their invalidity contentions to add these seven prior art references. *Id.* at 2-4.

## **LEGAL STANDARD**

Pursuant to Rule 83 of the Federal Rules of Civil Procedure, this Court has adopted Local Patent Rules to assist with case management in patent cases. FED. R. CIV. P. 83; *Computer Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, 821 (E.D. Tex. 2007) (Clark, J.) (recognizing adoption of Local Patent Rules as valid exercise of a court's authority). The Local Patent Rules "exist to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases, not to create supposed loopholes through which parties may practice litigation by ambush." *Cummins–Allison Corp. v. SBM Co.*, No. 9:07-cv-196, 2009 WL 763926, at *1 (E.D. Tex. Mar. 19, 2009); *Finisar Corp. v.*

*DirecTV Group, Inc.*, 424 F. Supp. 2d 896, 901 (E.D. Tex. 2006) (citation omitted) (noting that the goals of the Local Patent Rules include providing adequate notice and information to all parties and ensuring full, timely discovery); *IXYS Corp. v. Advanced Power Tech., Inc.*, No. C 02-03942 MHP, 2004 WL 1368860, at * 3 (N.D. Cal. June 16, 2004). "Where local rules are unique to patent cases and are likely to directly affect the substantive patent law theories that may be presented at trial, issues concerning the validity and interpretation of such local rules are governed by Federal Circuit law." *Arbitron, Inc. v. Int'l Demographics Inc.*, No. 2:06-cv-434, 2008 WL 4755761, at *1 (E.D. Tex. Oct. 29, 2008) (citing *O2 Micro Intern. Ltd. v. Monolithic Power Systems, Inc.*, 467 F.3d 1355, 1364 (Fed. Cir. 2006)). "The Federal Circuit has upheld the validity of local rules, similar to those in this district, that require early disclosure of infringement and invalidity contentions but allow amendments to contentions upon showing of a good cause." *Id.* (citation omitted).

Pursuant to Local Patent Rule 3-6(a), a defendant may amend its invalidity contentions without leave of the Court if (1) it was served amended infringement contentions after the Court's Claim Construction Ruling; or (2) the defendant believes in good faith that the Court's Claim Construction Ruling so requires. P.R. 3-6(a)(2). Except as expressly permitted by Local Patent Rule 3-6(a), a defendant may amend invalidity contentions "only by order of the Court, which shall be entered only upon a showing of good cause." P.R. 3-6(b).

The Court has broad discretion to determine what constitutes good cause to amend invalidity contentions. *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA,* 315 F.3d 533, 535 (5th Cir. 2003). In making such a determination, the Court considers four factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the

amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* at 536 (citations omitted).

## DISCUSSION

**The Parties' Contentions**

Defendants argue that their failure to originally present the seven additional prior art references they now seek to include was not a result of a lack of diligence. MOTION at 3. Particularly, GEICO contends the need to supplement invalidity contentions is the result of efforts to prepare for a request for *ex parte* reexamination. *Id.* at 4. Additionally, both GEICO and Newegg point to the Court's decision to delay the claim construction hearing to September 26, 2013, as well as MacroSolve's amended infringement contentions to show good cause to amend their invalidity contentions. *Id.* at 4; REPLY at 1-2. Particularly, the Court's decision to reschedule the hearing resulted in Defendants' continued investigation of the patent-in-suit; GEICO in particular hired two separate prior art search vendors who eventually discovered six additional references by the end of February 2013. MOTION at 3-4. Moreover, one of the references GEICO discovered specifically relates to limitations in claim 4 of the '816 patent, which MacroSolve reserved the right to assert when it supplemented its infringement contentions. REPLY at 2.

Defendants also maintain that the additional prior art references are important. Specifically, Defendants argue that the references are highly relevant to the issue of obviousness. MOTION at 4. Moreover, the PTO's quick approval of GEICO's request for reexamination proves the references raise a substantial question of patentability that would be important to address in this case. REPLY at 2. Defendants also point out that the PTO relied upon some of the prior art

references in question in making a final rejection of a related continuation application, further illustrating the importance of these references. *Id.* at 3.

In addition, Defendants argue there is no prejudice in allowing amendment of their invalidity contentions to include these references. MOTION at 5. MacroSolve will likely have to address all seven references in an *ex parte* reexamination proceeding, as well as the prosecution of any related continuation applications. *Id.* at 5. Moreover, the claim construction hearing scheduled for September 26, 2013 involves other defendants. REPLY at 5. These defendants must submit their invalidity contentions by July 12, 2013. *Id.* Defendants contend that because the seven references at issue may be presented by other defendants, MacroSolve will not be prejudiced if the Court grants GEICO and Newegg leave to amend their own invalidity contentions. *Id.* Finally, a continuance is available to cure any potential prejudice to MacroSolve; the Court has the power to extend the deadlines for the preliminary disclosures required for the September 26, 2013 claim construction hearing.[2] *Id.*

In opposition, MacroSolve argues that Defendants were not diligent in their discovery of the references in question. RESPONSE at 3. Particularly, MacroSolve notes that Defendants discovered these references several months after the deadline to serve their invalidity contentions. *Id.* Additionally, upon discovering the prior art references, rather than seek leave from the Court to amend the invalidity contentions, Defendants prepared a 789-page request for reexamination. *Id.* at 4.

Further, MacroSolve disputes the importance of these references. In particular, Macrosolve argues Defendants have not proven that the additional references are necessary or non-cumulative in light of the 250 prior art references that Defendants have already disclosed. *Id.*

---

[2] Specifically, the deadlines concern the Exchange of Proposed Terms and Claim Elements for Construction pursuant to Local Patent Rule 4-1, scheduled for May 10, 2013, and the Exchange of Preliminary Claim Constructions and Extrinsic Evidence pursuant to Local Rule 4-2, scheduled for May 22, 2013.

at 5. Moreover, since these references will be asserted to support the contention of obviousness, they are not important relative to the multitude of references already provided. *Id.*

MacroSolve also contends it will be prejudiced by any amendment. Defendants have already presented over 250 prior art references in support of their invalidity contentions, and including another seven references will add to this prejudice. *Id.* Further, MacroSolve has already filed a claim construction brief, and although MacroSolve will file a replacement brief, the earlier filed brief has provided Defendants with MacroSolve's claim construction positions and arguments. *Id.* MacroSolve contends that allowing Defendants to amend their invalidity contentions while knowing MacroSolve's claim construction positions will result in undue prejudice. *Id.* Additionally, MacroSolve asserts that a continuance in the form of extending deadlines is not available because a *Markman* hearing is scheduled for September 26, 2013, discovery is scheduled to end on December 30, 2013, and trial is scheduled to commence on June 9, 2014. *Id.* at 6. Any extension of these deadlines would result in inadequate time between the *Markman* hearing and the close of discovery. *Id.*

**Analysis**

i. Diligence

Defendants were not diligent in their investigation, discovery, and presentation of prior art references, and further, lack an adequate explanation for failing to present these references at an earlier date. With respect to GEICO, it cannot account for its activities between the date it filed its invalidity contentions on September 24, 2012, and the date it finally sought to amend the invalidity contentions on April 16, 2013. While GEICO contends that the need to amend its invalidity contentions is a result of new material within MacroSolve's supplemental infringement contentions, served on November 15, 2012, this argument is unpersuasive; GEICO fails to

6

identify what new information was present in the supplemental infringement contentions that it needed to address with prior art references in addition to the 250 references already presented. Further, GEICO does not explain the circumstances, if any, that prevented it from finding the six additional references until February 2013. Moreover, after GEICO discovered these references in February 2013, it did not seek leave to amend its invalidity contentions until April 16, 2013, five months after MacroSolve supplemented its infringement contentions. GEICO does not dispute that during this time it prepared and filed a 789-page request for *ex parte* reexamination, but did not file a Motion to amend. GEICO's inability to provide any reasons for the five-month delay between MacroSolve supplementing its infringement contentions and GEICO seeking leave to amend the invalidity contentions is indicative of its lack of diligence.

Newegg similarly fails to illustrate its diligence in seeking leave to amend its invalidity contentions. Newegg does not indicate when it discovered its prior art reference except that the discovery occurred sometime after MacroSolve served its amended infringement contentions on March 8. While the exact timing is uncertain, the new reference seems to have been found at least five months after Newegg filed its invalidity contentions in September. Newegg does not account for its activity during the period between filing its original invalidity contentions and the present Motion seeking leave to amend the invalidity contentions. Instead, Newegg asserts this delay should be excused because MacroSolve supplemented its infringement contentions on March 8. However, Newegg fails to show how the supplemented infringement contentions necessitate the additional prior art reference it now seeks to include. Therefore, this explanation is insufficient and does not excuse Newegg's delay in seeking leave to amend its infringement contentions. *See Davis-Lynch, Inc. v. Weatherford International, Inc.*, No. 6:07-cv-559, 2009 WL 81874, at *3-4 (E.D. Tex. Jan. 12, 2009) (concluding that the plaintiff's failure to offer any

"reasonable explanation for its delay in seeking leave to amend . . . weighs heavily against allowing [the plaintiff] to supplement its [infringement contentions].").

   ii.   <u>Importance</u>

Defendants also fail to prove that the references are important. While Newegg's vague argument that MacroSolve's supplemental infringement contentions somehow necessitate amending its invalidity contentions is not a reasonable explanation for its delay in seeking leave, the argument similarly does not show that the amendment is important. Specifically, Newegg fails to provide how its amendment addresses anything in the supplemental infringement contentions to render it important. Moreover, Newegg fails to show that the additional prior art reference is non-cumulative in light of the other 250 references already asserted.

GEICO's brief assertion that one of the references relates to claim 4 of the '816 patent does not demonstrate the reference is of sufficient importance to amend the invalidity contentions. Similar to Newegg, GEICO fails to show the distinctive value of the recently discovered prior art references. In other words, GEICO does not show the seven references are not cumulative in light of the other 250 prior art references already asserted, especially when the additional references are intended to support the existing contention of obviousness. Instead, GEICO vaguely asserts one reference relates to limitations in claim 4 without any explanation as to what the relationship is or how it applies to particular limitations within the claim. Thus, Defendants' inability to specify how the amended infringement contentions necessitated amendment of their invalidity contentions with these seven references weighs against permitting amendment. *See Realtime Data, LLC v. T-Mobile, USA Inc.*, No. 6:10-cv-493, slip. op. at 3 (E.D. Tex. Apr. 19, 2012) (concluding that the plaintiff's failure to explain what information produced

by the defendants necessitated the plaintiff's amendments weighed heavily against allowing the plaintiff to amend).

Additionally, the fact that the PTO relied on these references to approve Defendants' request for reexamination and reject the claims of a related continuation application is insufficient to excuse Defendants' delay in seeking leave to amend. The PTO's reliance on prior art during prosecution or reexamination may be indicative of a reference's importance. However, Defendants have not shown the diligence expected to be associated with such allegedly important references; the relative importance of the prior art should generate commensurate diligence. As stated above, Defendants do not explain why MacroSolve's amended infringement contentions prompted a new prior art search, nor do Defendants explain the reason for delay in asking for leave to amend. At this stage in the litigation—as briefing for claim construction is about to commence—to allow Defendants to amend their invalidity contentions simply because the PTO considered such recently disclosed prior art would undermine the purpose of the Local Patent Rules. *See Cummins-Allison Corp.*, 2009 WL 763926, at *1 ("[T]he right to amend is subject to the court's duty to avoid unfairly prejudicing Plaintiff 'through eleventh-hour alterations.'").

iii. Prejudice

In addition, Defendants fail to show that the amendments to their invalidity contentions would not result in prejudice to MacroSolve. GEICO and Newegg have already presented 250 prior art references on the issue of obviousness. Having MacroSolve contend with an additional seven references, which Defendants do not show to be noncumulative, would needlessly detract from time spent on claim construction as well as the already disclosed references.

   iv.     <u>Continuance</u>

Additionally, the Court is not persuaded that a continuance extending the deadlines prior to the claim construction hearing would alleviate the potential prejudice to MacroSolve.

## **CONCLUSION**

Defendants fail to show that the references at issue are important or that they acted diligently in seeking leave. Neither GEICO nor Newegg provide sufficient explanation for the delay in discovering the prior art references. Further, Defendants fail to show how the additional seven references they seek to include are not cumulative of the 250 references already asserted. At this stage in the litigation, Defendants lack good cause to supplement their invalidity contentions. Therefore, Defendants' Motion is **DENIED**.

**So ORDERED and SIGNED this 23rd day of July, 2013.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE