**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| MACROSOLVE, INC., ) | CIVIL ACTION NO. 6:11-cv-287 |
| ) | |
| v. ) | **CONSOLIDATED LEAD CASE** |
| ) | |
| ANTENNA SOFTWARE, INC. et al. ) | **JURY TRIAL DEMANDED** |
| ) | |

**GEICO'S OPPOSITION TO MACROSOLVE'S
MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF**

MacroSolve has no basis to file its motion for leave (Dkt. 528). There is no "recently made . . . discovery." *Id.* at 1. Instead, MacroSolve's motion is based entirely on information that was already in the record when MacroSolve filed both its opposition and sur-reply almost two months ago. MacroSolve is not entitled to a third brief, and MacroSolve is certainly not entitled to a third brief where MacroSolve cannot provide a valid explanation as to why it did not include this argument in its prior briefing. The fact that the record "was not immediately apparent to MacroSolve's counsel" (*id.* at 1) is no excuse.

More importantly, MacroSolve cannot file a supplemental brief solely to mischaracterize the record. Although MacroSolve repeatedly claims that GEICO seeks leave to add Kloba, GEICO does not. To the contrary, GEICO's supplemental invalidity contentions *do not add any new references*.

On October 21, 2013, MacroSolve served its second amended infringement contentions as to GEICO, significantly expanding its contentions from 17 pages to 110 pages. Among other things, MacroSolve included *for the first time* contentions with respect to claims 3 and 4. A little more than a week later, GEICO notified MacroSolve that it would supplement its invalidity

contentions. Rather than expand the list of 250 references already in its invalidity contentions, GEICO's supplemental invalidity contentions narrowed the issues by limiting it supplementation to 10 invalidity charts based on 10 *previously-disclosed* references.

Those 10 previously-disclosed references include Aufricht which incorporates by reference Kloba. MacroSolve's attempt to use Kloba's incorporation to prevent GEICO from responding to MacroSolve's late-disclosed infringement contentions is improper. As a matter of law, Aufricht does and has always included Kloba. *Advanced Display Systems, Inc. v. Kent State Univ.*, 212 F.3d 1272, 1282 (Fed. Cir. 2000) ("Material not explicitly contained in the single, prior art document may still be considered for purposes of anticipation if that material is incorporated by reference into the document."). Regardless of how the Court decided Defendants' previous motion,[1] this fact did not change.

Accordingly, GEICO respectfully requests the Court deny MacroSolve's motion for leave to file a supplemental brief. MacroSolve had ample opportunity to make this argument within the briefing schedule, but ignored the deadline. MacroSolve has repeatedly ignored deadlines in this case,[2] and should not be allowed to do so again.

---

[1] Defendants' previous motion to amend invalidity contentions filed by GEICO's prior counsel was based on an entirely different set of facts. Although GEICO does not seek to add Kloba in its current motion, the Court's order did not preclude GEICO from relying on additional prior art to respond to MacroSolve's vastly expanded seconded amended infringement contentions.

[2] For example, MacroSolve filed a motion to compel certain GEICO documents a month after the discovery deadline because it failed to review those documents during the discovery period when GEICO made them available. (Dkt. 516.) MacroSolve further disclosed rebuttal witnesses for the first time almost four weeks after the discovery deadline, even though it knew it would rely on those witnesses more than three months before. (Dkt. 514.) MacroSolve also moved to exclude GEICO's prior art witnesses to remedy its failure to depose these witnesses in the almost six weeks during the discovery period after their disclosure. (Dkt. 500.)

Dated: February 25, 2014							Respectfully submitted,

											By: */s/ Matthew J. Moore, with permission by Michael E. Jones*
											Michael E. Jones
											SBN 10929400
											Allen F. Gardner
											SBN 24043679
											POTTER MINTON, PC
											110 North College
											Suite 500
											Tyler, TX 75702
											Telephone: 903-597-8311
											Facsimile: 903-593-0846
											mikejones@potterminton.com
											allengardner@potterminton.com

											Matthew J. Moore
											LATHAM & WATKINS LLP
											555 Eleventh Street, NW Suite 1000
											Washington, DC 20004-1304
											(202) 637-2200 Telephone
											(202) 637-2201 Facsimile
											matthew.moore@lw.com

											Lisa K. Nguyen
											Sami Sedghani (*pro hac vice*)
											LATHAM & WATKINS LLP
											140 Scott Drive
											Menlo Park, CA 94025
											(650) 328-4600 Telephone
											(650) 463-2600 Facsimile
											lisa.nguyen@lw.com
											sami.sedghani@lw.com

											***Attorneys for Defendants and Counterclaimants GEICO Insurance Agency, Inc., GEICO Casualty Company, and Government Employees Insurance Company***

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on February 24, 2014.

                                                                             */s/Michael E. Jones*