# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **MACROSOLVE, INC.,**<br><br>        Plaintiff,<br>vs.<br><br>**ANTENNA SOFTWARE, INC., et. al.,**<br><br>        Defendants. | **Case No. 6:11-cv-287 MHS-KNM**<br><br>**CONSOLIDATED LEAD CASE** |
| **MACROSOLVE, INC.**<br><br>        Plaintiff,<br>vs.<br><br>**NEWEGG INC.**<br><br>        Defendant. | **Case No. 6:12-cv-46 MHS-KNM**<br><br>**MEMBER CASE** |

## DEFENDANT NEWEGG INC.'S OPPOSED
## MOTION FOR ENTRY OF ITS BILL OF COSTS

On March 13, 2014, the Court granted Plaintiff MacroSolve, Inc.'s Unopposed Motion for Dismissal with Prejudice of its Action Against Newegg Inc. and Dismissal without Prejudice of Newegg's Counterclaims for Declaratory Judgment for Lack of Subject Matter Jurisdiction. Newegg hereby moves the Clerk for the taxation of costs as set forth in the Bill of Costs.

Newegg requests the costs itemized in the attached Declaration of Kent E. Baldauf, Jr. ("Baldauf Decl.") which fall into three general categories: (1) costs of printed and electronically recorded deposition transcripts; (2) costs incurred to copy and produce documents in the required electronic format; and (3) costs paid to the Court-appointed technical advisor. The costs

1

itemized in the attached Declaration constitute taxable costs which were reasonably and necessarily incurred by Newegg in this case. Newegg's Form AO 133 Bill of Costs is attached hereto as Exhibit A. The Declaration of Kent E. Baldauf, Jr. in support of the correctness and necessity of these costs is attached hereto as Exhibit B. Exhibits B1-B3 to that declaration contain true and correct copies of the documents and invoices substantiating these costs.

For the reasons that follow, Newegg respectfully moves the Court to award it the costs identified in the attached Bill of Costs.

### A. Newegg Has Met and Conferred With MacroSolve Regarding this Bill of Costs

As required by Local Rule CV-54(b), Newegg met and conferred with MacroSolve concerning this Bill of Costs. Unfortunately, and despite the fairly straightforward nature of Newegg's Bill of Costs, this meet and confer was unproductive. MacroSolve's overarching position is that no costs should be awarded in this action. The precise basis of this general proposition is unclear and Newegg reserves the right to respond to MacroSolve's position to the extent it is maintained in an opposition to this motion.

With respect to the three categories of costs identified above, and putting aside MacroSolve's overarching position that costs should not be awarded at all, MacroSolve disagreed that Newegg is entitled to the costs associated with both a printed transcript and an electronically recorded (i.e., videotaped) transcript. MacroSolve also disputed that the depositions for which Newegg requests costs, including the depositions of MacroSolve's 30(b)(6) witnesses, were necessarily obtained for use in this case. Further, MacroSolve disagreed that the exemplification and copying costs identified by Newegg are sufficiently documented or recoverable. To the extent that costs are recoverable as a general proposition, MacroSolve did agree that the costs for the Court-appointed expert were recoverable.

MacroSolve's objections should be overruled and Newegg should be awarded its costs in this action in the full amount requested.

### B. Newegg is the Prevailing Party and is Entitled to Costs

Under Federal Rule of Civil Procedure 54(d), costs are to be awarded to the prevailing party. The Fifth Circuit applies a strong presumption that costs will be awarded to the prevailing party. *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985) ("Under Rule 54(d) . . . there is a strong presumption that the prevailing party will be awarded costs."). The Court has dismissed MacroSolve's claims in this action against Newegg Inc. with prejudice. *See* Dkt. 554; *see also* Dkt. 44 in 6:12-cv-46. In addition, MacroSolve provided certain covenants in connection with that dismissal. *See* Dkt. 552. Thus, Newegg is the prevailing party, and should be awarded costs. *Highway Equip. Co. v. FECO, Ltd.,* 469 F.3d 1027, 1035 (Fed. Cir. 2006) (holding that a defendant was the prevailing party for purposes of costs and fees where plaintiff voluntarily dismissed its case against defendant with prejudice); *see also Hallco Mfg. Co., Inc. v. Foster*, 256 F.3d 1290, 1297 (Fed. Cir. 2001) ("In the present case, the infringement action against the [accused] device was terminated by a dismissal with prejudice, which is a judgment on the merits.")

### C. The Costs Requested by Newegg Are Taxable Under 28 U.S.C. § 1920

Under 28 U.S.C. § 1920, a court may tax the following as "costs": (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court appointed experts. *See* 28 U.S.C. § 1920.

1. Costs of Deposition Transcripts

Under 28 U.S.C. § 1920, fees for printed or electronically recorded transcripts necessarily obtained for use in the case are recoverable. A deposition is necessarily obtained for use in the case "[i]f, at the time the deposition was taken, a deposition could reasonably be expected to be used for trial preparation, rather than merely for discovery." *Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991); *see also Marmillion v. American Intern. Ins. Co.*, 381 Fed.Appx. 421, 428, 2010 WL 2392716, *7 (5th Cir. 2010).

This Court's Standing Order Regarding Bills of Costs expressly provides that costs may be recovered for printed and electronically recorded (i.e. videotaped) transcripts so long as they are necessarily obtained for use in the case. Costs can be awarded for **both** a printed transcript and an electronically recorded transcript. *Eolas Technologies Inc. v. Adobe Systems, Inc.*, 891 F.Supp.2d 803, 805 (E.D.Tex. 2012) ("Thus, § 1920(2) permits costs to be taxed for both printed and electronically recorded transcripts so long as they are 'necessarily obtained for use in the case.'")

Newegg seeks recovery of the costs associated with the depositions of the following individuals:

- James McGill
- Kendall Carpenter
- Lee Cheng
- Lucy Huo
- Soren Mills
- Sharon Gong
- Mike Payne
- Brandon Burton
- John Hale
- Justin Blok

The printed and electronically recorded transcripts of the depositions of these individuals were necessarily obtained for use in the case, and thus the costs thereof are recoverable.

Mr. McGill and Ms. Carpenter are two of the three employees of MacroSolve. Mr. McGill is the President, CEO, and Chairman of MacroSolve while Ms. Carpenter is MacroSolve's Executive VP, CFO, Secretary, and Treasurer.[1] Mr. McGill was identified in MacroSolve's initial disclosures and appears on both MacroSolve's and Newegg's list of trial witnesses. Ms. Carpenter was identified on Newegg's list of trial witnesses and on MacroSolve's list of rebuttal trial witnesses. In addition, both Mr. McGill and Ms. Carpenter were the designated witnesses on a variety of topics listed in the 30(b)(6) notice of deposition of MacroSolve. Newegg (correctly) assumed that each had knowledge of facts relevant to MacroSolve's infringement and damages claims. It was therefore necessary for Newegg to depose these individuals to learn these facts in order prepare its case for trial, as well as to understand what these individuals would testify to at trial if called by MacroSolve. It was also necessary to receive a copy of the transcript of these depositions for purposes of trial preparation and, potentially, use at trial. Additionally, the deposition testimony of Mr. McGill and Ms. Carpenter was reviewed, relied upon, and cited by Newegg's damage expert in his expert report. A videotaped record of each deposition was necessary since Newegg reasonably anticipated presenting the testimony of these individuals by video at trial, both as part of Newegg's case-in-chief (with respect to their roles as corporate representatives) and for impeachment purposes to the extent MacroSolve were to call these witnesses. It was also unclear whether Ms. Carpenter, who resides in Tulsa, Oklahoma and is thus outside of the subpoena power of the Court, would be present to provide live testimony at trial.

Lee Cheng, Lucy Huo, Soren Mills, and Sharon Gong are Newegg employees and their depositions were taken by MacroSolve. Mr. Cheng, Ms. Huo, and Mr. Mills were designated as 30(b)(6) witnesses. All four of these individuals appear on both MacroSolve's and Newegg's

---

[1] *See* http://www.macrosolve.com/leadership-2/

trial witness lists. At MacroSolve's request, the depositions were recorded by both stenographic means and videotape. Newegg is entitled to a copy of the transcript and video which were ordered by MacroSolve in connection with these depositions. At the time the video and transcript were ordered, it was anticipated that MacroSolve would call these witnesses at trial, possibly by way of deposition, and it was thus necessary for trial preparation purposes to have a copy of the transcript and video that would potentially be used by MacroSolve at trial.

Brandon Burton and Mike Payne are third party witnesses with knowledge of facts relevant to MacroSolve's and Newegg's claims and defenses. Mr. Burton and Mr. Payne were both identified on Newegg's trial witness list and on MacroSolve's rebuttal trial witness list. Mike Payne is a former employee of MacroSolve who was employed at MacroSolve during the alleged conception and reduction to practice of the patented invention. His name appears on many of the documents which, according to MacroSolve, evidence the earliest conception of the invention. He is also the brother of the named inventor, David Payne. It was necessary to depose Mike Payne to discover facts related to the conception and reduction to practice of the invention, as well as to investigate potential on sale activity that occurred before the patent application was filed. It became particularly important to depose Mike Payne once it was clear that the named inventor, David Payne, was unavailable for deposition due to a medical condition. *See* Ex. E to Dkt. 462 (letter from David Payne's father). Mike Payne's testimony regarding the conception and reduction to practice is a key component of Newegg's contention that the patent-in-suit is invalid for failing to name the proper inventors. *See generally* Dkt. 462. Mike Payne resides in Tulsa, Oklahoma, and thus this Court would be unable to compel his attendance at trial. Accordingly, it was necessary to obtain copies of the printed transcript and videotape for purposes of presenting Mike Payne's testimony at trial.

Mr. Burton is an employee of Dri-Eaz Products. MacroSolve's damage model is based almost exclusively on the licensing relationship between Dri-Eaz Products and MacroSolve. *See* Dkt. 505 at 3-4. It was necessary for Newegg to depose Mr. Burton to investigate the facts underlying MacroSolve's damage theory. Portions of Mr. Burton's deposition transcript were used in Newegg's *Daubert* motion to exclude MacroSolve's damages expert. *See* Ex. H to Dkt. 505. Mr. Burton resides in Washington State and thus this Court would be unable to compel his attendance at trial. Accordingly, it was necessary to obtain copies of the printed transcript and videotape for purposes of presenting Mr. Burton's testimony at trial.

Dr. Hale and Mr. Blok are expert witnesses for MacroSolve. It was necessary to depose these individuals to explore the basis for the opinions set forth in their expert reports. Newegg seriously questions the reliability of the opinions and underlying facts which were presented in the expert reports submitted by each of these individuals. This is reflected in the *Daubert* motions filed by Newegg to exclude the testimony of Dr. Hale and Mr. Blok. *See* Dkt. 504 (Hale) and 505 (Blok). Portions of the deposition transcripts were presented in connection with these motions. *See* Ex. E to Dkt. 504 (Hale transcript); Ex. M to Dkt. 505 (Blok transcript). Portions of Dr. Hale's deposition transcripts were also presented in connection with Newegg's Motions for Summary Judgment on Non-Infringement (*see* Ex. B to Dkt. 509) and Newegg's Reply in further support of its Motion for Summary Judgment on Invalidity (*see* Ex. A to Dkt. 538). Copies of the videos made of Dr. Hale's depositions were obtained because, at the time, Newegg believed there was a reasonable likelihood that the videos would be used to impeach Dr. Hale at trial.

Therefore, the deposition transcripts were necessarily obtained for use in this case and Newegg should be awarded the costs associated therewith.

2. Costs for Exemplification and Making Copies

The Order Regarding E-Discovery in Patent Cases entered in this case (Dkt. 350) requires each electronic document to be produced in single-paged Tagged Image File Format ("TIFF") or Portable Document Format ("PDF") named with a unique production number followed by the appropriate file extension, and a footer with a sequentially ascending production number (i.e., Bates labeled). Load files to indicate the location and unitization of the TIFF and/or PDF files are also required.

Newegg seeks recovery of the costs it incurred to produce documents in the required format. The Court's Standing Order Regarding Bill of Costs allows for recovery of costs associated with converting documents into the format required by the governing ESI Order. *See also Race Tires America, Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158, 167 (3d Cir. 2012) ("We agree that scanning and conversion of native files to the agreed-upon format for production of ESI constitute 'making copies of materials.'"). In this case, the ESI Order (Dkt. 350) requires single page TIFF or PDF documents that are endorsed with a Bates number along with a load file.

The ESI costs identified by Newegg in its Bill of Costs were incurred in order to produce documents in the required format. This includes the processing of native ESI into single page TIFF images, endorsing those TIFF images with the required Bates label, creating load files, and copying those files onto media (e.g., DVDs) so they could be produced to opposing counsel. *See* Baldauf Decl., at ¶¶ 6-7. Further, the costs incurred ($4,307.75) are completely reasonable in view of Newegg's production in this case, which totaled over 60,000 pages. The attached Declaration and supporting documentation clearly substantiate these charges.

Thus, the requested costs for exemplification and copying should be awarded.

3. <u>Costs Associated with the Court-Appointed Technical Advisor</u>

The Court appointed Scott Woloson to serve as a technical advisor in this action. Dkt. 426. In its Bill of Costs, Newegg requests that the Court tax the costs incurred by Newegg to compensate Mr. Woloson for his work on this case. Putting aside MacroSolve's general position that costs are not available to Newegg, Newegg understands that MacroSolve agrees that the costs incurred by Newegg related to Mr. Woloson's work on this case are taxable.

Accordingly, Newegg respectfully requests entry of the attached Bill of Costs and taxation of $26,860.95 in costs against MacroSolve.

Dated: March 27, 2014

Respectfully submitted,

THE WEBB LAW FIRM

By: */s/ Kent E. Baldauf, Jr.*
Kent E. Baldauf, Jr. – Attorney in Charge
Bryan P. Clark
James J. Bosco, Jr.
Anthony W. Brooks
One Gateway Center
420 Ft. Duquesne Boulevard, Suite 1200
Pittsburgh, PA 15222
T: (412) 471-8815
F: (412) 471-4094
kbaldaufjr@webblaw.com
bclark@webblaw.com
jbosco@webblaw.com
abrooks@webblaw.com

YARBROUGH ♦ WILCOX, PLLC

Trey Yarbrough
Texas Bar No. 22133500
100 E. Ferguson St., Ste. 1015
Tyler, Texas 75702
Tel: (903) 595-3111
Fax: (903) 595-0191
trey@yw-lawfirm.com

*Attorneys for Defendant Newegg Inc.*

**CERTIFICATE OF SERVICE**

This is to certify that on March 27, 2014, a true and correct copy of the foregoing document was served on all counsel of record via the Court's ECF system.

          */s/ Kent E. Baldauf, Jr.*
          Attorney for Newegg Inc.

**CERTIFICATE OF CONFERENCE**

This is to certify that the parties have met and conferred regarding the subject matter of this motion as required by Local Rule CV-7(h), Local Rule CV-54, and this Court's Standing Order Regarding Bills of Costs. The parties met and conferred by telephone on March 26, 2014. Matthew Antonelli and Califf Cooper appeared for MacroSolve. Kent Baldauf and Bryan Clark appeared for Newegg. A day prior to the call, Newegg provided MacroSolve with a copy of Newegg's proposed Bill of Costs and supporting documentation.

The parties were unable to reach an agreement regarding Newegg's Bill of Costs. MacroSolve opposes any award of costs in this case. The parties were also unable to reach agreement on whether any of the deposition transcripts were necessarily obtained for use in this case. Further, the parties were unable reach agreement on whether the costs of both a video and printed transcript are recoverable. The parties were also unable to reach agreement on the recoverable ESI costs, with MacroSolve disputing virtually all of Newegg's ESI costs on the basis that they were not sufficiently documented and do not constitute recoverable costs. MacroSolve agreed that the costs of the technical advisor are recoverable if costs are awarded to

Newegg by the Court. However, with respect to all other issues related to Newegg's Bill of Costs, the parties' discussion conclusively ended in an impasse.

                                                           */s/    Kent E. Baldauf, Jr.*
                                                           Attorney for Newegg Inc.